

Villanova University School of Law

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2005

# Buddington v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Buddington v. Comm Social Security" (2005). *2005 Decisions.* Paper 1390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2544

YVONNE BUDDINGTON, O/B/O
JAMAL SINGLETARY

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: Civ. No. 02-1280
District Judge: The Honorable Dickinson R. Debevoise

Submitted Pursuant to LAR 34.1(a)
March 31, 2005

Before: ALITO, SMITH, and FISHER, *Circuit Judges*

(Filed: April 6, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Yvonne Buddington, on behalf of her son, appeals from the District Court's order

affirming the final decision of the Commissioner of Social Security ceasing the

Supplemental Security Income ("SSI") benefits awarded to her son under Title XVI of the

Social Security Act. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

Buddington's son was born prematurely in January 1995 and suffered from speech and developmental delays. In a decision dated September 11, 1996, it was determined that the child's condition equaled the criteria of listing 111.09B of Appendix 1 of the Social Security regulations pertaining to communication impairments associated with a neurological disorder. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 111.09B. As a result, the child was disabled under the Social Security Act and awarded SSI benefits.

After a periodic continuing disability review was conducted in late 1999, it was determined that the child's SSI benefits would cease because the child's medical condition had improved. Buddington requested reconsideration, but the Administrative Law Judge ("ALJ") concluded that the child's condition no longer met or equaled the criteria of either listing § 111.09B or any listed impairment in Appendix 1. *See* 20 C.F.R. § 416.929 (a). In a thorough opinion, the District Court determined that the ALJ's decision was supported by substantial evidence. Buddington appealed.

Buddington contends that the ALJ erred in determining that her son's condition no longer met, medically equaled, or functionally equaled an impairment listed in Appendix 1. *See* 20 C.F.R. § 416.924(a). Relying on our decisions in *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), and *Burnett v. Comm'r of Social Security*, 220 F.2d 112 (3d Cir. 2000), Buddington asserts that the ALJ failed adequately to explain his finding that her son's condition did not satisfy the criteria of any listed impairment. She specifically faults the ALJ for not identifying the particular listing applicable to attention deficit hyperactivity disorder ("ADHD") in § 112.

Our review establishes that the ALJ carefully reviewed the child's medical history, noting that the child's condition improved with treatment to the point that he suffered from a mild to moderate articulatory delay with a mild to moderate concomitant expressive-receptive impairment, and ADHD. Despite the child's marked improvement, the ALJ methodically considered whether the child's condition continued to satisfy either the criteria of listing § 111.09B, under which he had been found disabled, or the various impairments listed in section 112, which included ADHD. In finding that the child's condition no longer satisfied the criteria of a listed impairment, the ALJ accounted for the child's limitations and credited the opinions of the state disability medical consultants who opined that the child's condition, though severe, did not meet or equal, either medically or functionally, any listed impairment. This analysis allows for meaningful review consistent with *Burnett*, 220 F.3d at 121. We agree with the District Court that the

3

ALJ's decision is supported by substantial evidence, and we will affirm the judgment of the District Court.